## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SUZANNE TREVILLION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | **4:17-cv-02193** |
| | § | |
| **METROPOLITAN LLOYDS INSURANCE** | § | |
| **COMPANY OF TEXAS,** | § | **(JURY)** |
| | § | |
| **Defendant.** | § | |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number 2017-38823, styled *Suzanne Trevillion v. Metropolitan Lloyds Insurance Company of Texas,* currently pending in the 133rd District Court, Harris County, Texas. Metropolitan removes the case to the U.S. District Court for the Southern District of Texas, Houston Division. As grounds for removal, Metropolitan states as follows:

## I.
## OVERVIEW

1.1     This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiff Suzanne Trevillion, for alleged damage to the Plaintiff's property located at 11330 Old Mission Rd., Houston, TX  77095, allegedly caused by wind and hail, which occurred on January 2, 2017 (*See* Plaintiff's Original Petition). Plaintiff commenced this action, styled *Suzanne Trevillion v. Metropolitan Lloyds Insurance Company of Texas,* against Metropolitan by filing Plaintiff's Original Petition on June 9, 2017 under Cause

Number 2017-38823 in the 133rd District Court, Harris County, Texas.  According to the

Plaintiff's Original Petition in that suit, the Plaintiff seeks to recover damages from the

Defendant over $100,000.00, but not more than $200,000.00. Metropolitan was served the

Plaintiff's Original Petition in that suit on June 19, 2017.  Therefore, this Notice of Removal is

timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and

the orders served upon Metropolitan in the state court action are being filed with this Notice as

required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1     The District Courts of the United States have original jurisdiction over this action based

on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a).

The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas.

(*See* Plaintiff's Original Petition).  Defendant Metropolitan is now, and was at the time the action

was commenced, an unincorporated association of underwriters whose individual underwriters

are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents

or citizens of Texas.   "The United States Supreme Court has consistently held for over one

hundred years that the citizenship of an unincorporated association [such as Metropolitan] is

determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins.*

*Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-

899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment

of unincorporated associations for jurisdictional purposes).[1]   Accordingly, Metropolitan is a

citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity

exists.

---

[1] "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

## III.
## REMOVAL PROPER

3.1     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 133rd District Court, Harris County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 133rd District Court, Harris County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 2017-38823, styled, *Suzanne Trevillion v. Metropolitan Lloyds Insurance Company,* from the 133rd District Court, Harris County, Texas to this Court on the 18th day of July, 2017, for trial and determination.

Respectfully submitted,

STACY | CONDER | ALLEN LLP


_____*/s/ Dennis D. Conder*_____

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**


## CERTIFICATE OF SERVICE

On July 18, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically and by facsimile, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

_____*/s/ - Dennis D. Conder*_____
Dennis D. Conder


PAN/PLDG/589130.1/001466.17007